IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV38-02-V
(3:99CR24-14-V)

JOHN BARRY MCLENDON,           )
    Petitioner,           )
                       )
     v.           )           <u>ORDER</u>
                       )
UNITED STATES OF AMERICA,       )
    Respondent.           )
_____)

    **THIS MATTER** comes before the Court on a post-judgment docu-
ment captioned as "Petitioner's Motion To Reconsider, Alter, Or
Amend Court's Order Denying Motion To Amend," filed February 22,
2006.  For the  reasons stated herein, the petitioner's Motion
will be <u>denied</u>.

    As was partially recounted by the Court in an earlier Order
addressing the petitioner's first Motion for Reconsideration, the
record of this matter shows that on October 26, 1999, a jury con-
victed the petitioner of conspiracy to traffic in quantities of
cocaine and cocaine base.  On May 2, 2000, the Court sentenced
the petitioner to 27 years imprisonment.  The petitioner's con-
viction and sentence both were affirmed by the Fourth Circuit
Court of Appeals' decision of August 23, 2002.  Thereafter, on
February 28, 2003, the U.S. Supreme Court denied the petitioner's
Petition for a Writ of Certiorari.

    Consequently, on February 2, 2004, the petitioner filed a
Motion to Vacate pursuant to 28 U.S.C. §2255.  By that Motion,

the petitioner raised two claims against his former attorney–– that counsel subjected him to ineffective assistance of counsel due to his failure to seek a new trial or a mistrial; and that he subjected him to ineffective assistance due to his failure to more effectively cross-examine two government witnesses.

On March 15, 2004, the government filed its combined Answer and Motion for Summary Judgment. By that document, the government argued that the evidence which it produced at trial had, in fact, established a single drug conspiracy. Therefore, the government contended that there was no prejudicial variance or mis-joinder of defendants. The government also argued that the petitioner's concerns regarding his attorney's cross-examination of the two witnesses was merely after-the-fact speculation which lacked credible legal support.

On May 3, 2004, the petitioner filed a Declaration In Op-position To Respondent's Motion For Summary Judgment." Such Declaration primarily reiterated the earlier contentions which the petitioner made in his Motion to Vacate.

Then, by two Motions filed May 3, 2004 and August 2, 2004, the petitioner sought to add claims that: 1)counsel was ineffec-tive for having failed to seek a jury instruction concerning "the difference between the buyer/seller relationship and the conspi-ratorial relationship in a drug conspiracy case"; and 2)that "th[is] . . . Court lacked the authority to sentence [him] to

324 months based on the facts established in the jury['s] verdict alone" in light of the U.S. Supreme Court's new line of cases, beginning with <u>Apprendi v. New Jersey</u> 530 U.S. 466 (2000). However, by an Order filed February 8, 2006, this Court denied the proposed amendments on the grounds that the first proposed claim was time-barred, and the second claim could not be retro-actively asserted in a collateral proceeding.

Then, on February 13, 2006, the Court entered an Order deny-ing the petitioner's Motion to Vacate and dismissing his case. However, on February 22, 2006, the petitioner filed the instant Motion for Reconsideration.

By this Motion, the petitioner essentially asserts that the Court should have granted his Motions to Amend because his first proposed claim did, in fact, relate back to an earlier claim, and his second claim actually was a challenge to the Court's subject matter jurisdiction, which can be brought in collateral proceed-ings.

Notwithstanding his position to the contrary, the Court finds that its original decision to deny the petitioner's Motions was correct. Indeed, the Court finds that the petitioner simply is mistaken as to his assertion that his claim alleging ineffec-tiveness for failure to seek a jury instruction about a buyer/ seller relationship and the nature of a conspiratorial agreement can be deemed to relate back to a claim that counsel was

ineffective for not having sought a new trial or a mistrial due to a "prejudicial variance and misjoinder of defendants and offenses . . . ."  Simply put--as the Court previously advised the petitioner--the law is clear that a claim that counsel was ineffective for having failed to do one thing is not the same as a claim that he was ineffective for having failed to do something else.  See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000); and United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999).

Likewise, the petitioner has failed to convince the Court that it erred in concluding that his proposed Apprendi-based claim was not cognizable in his collateral proceeding.  Again, the law is well-settled that such claims simply cannot be brought in collateral proceedings such as these.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holdings from the line of cases, culminating with Booker/Fanfan are not retroactively applicable in the collateral review context).  Therefore, the petitioner's Motion to Reconsider will be **DENIED.**

**SO ORDERED.**

Signed: June 15, 2006

Richard L. Voorhees
United States District Judge

4